[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 17, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-12724
Non-Argument Calendar

_____

D. C. Docket No. 03-00523-CV-FTM-33-SPC

NATALIE KERWICK,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 17, 2005)

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Natalie Kerwick, a 24-year old high school graduate, appeals the district court's order affirming the Commissioner's denial of her application for Childhood Disability Benefits through deceased wage-earner John Kerwick, pursuant to 42 U.S.C. § 405(g). Kerwick asserts the Administrative Law Judge (ALJ) erred in failing to accord controlling weight to Dr. John B. Mulliken's opinion. We affirm.

## I. DISCUSSION

We must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "'Substantial evidence is . . . such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" *Id.* (citation omitted). "'Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence.'" *Id.* at 1158–59 (citation omitted). We "review *de novo* the legal principles upon which the Commissioner's decision is based." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

A claimant bears the burden of establishing disability. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). Social security regulations provide a five-step sequential process to evaluate whether a claimant has proven she is disabled. *See* 20 C.F.R. § 416.920(a). At the fourth step, the ALJ makes a determination of the

2

claimant's Residual Functional Capacity by considering the claimant's ability to sit, stand, walk, lift, carry, push, pull, reach, handle, stoop, crouch, and other work-related physical demands. *Id.* § 404.1545(b).

Social security regulations also provide guidelines for the ALJ to use when evaluating medical opinion evidence. *Id.* § 404.1527. The ALJ considers many factors when weighing medical opinions, including the examining relationship, the treatment relationship, whether an opinion is amply supported, whether an opinion is consistent with the record, and a doctor's specialization. *Id.* § 404.1527(d). In social security disability benefits cases, generally, the opinions of examining physicians are given more weight than non-examining physicians, the opinions of treating physicians are given more weight than non-treating physicians, and the opinions of specialists (on issues within their areas of expertise) are given more weight than non-specialists. *See* § 404.1527(d)(1)–(2), (5).

A treating physician's testimony "'must be given substantial or considerable weight unless good cause is shown to the contrary.'" *Crawford*, 363 F.3d at 1159 (citation omitted). We have "concluded 'good cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232,

3

1240–41 (11th Cir. 2004). An ALJ does not need to give a treating physician's opinion considerable weight if the claimant's own testimony regarding her daily activities contradicts that opinion. *Id.* at 1241. However, the ALJ must clearly articulate reasons for giving less weight to the treating physician's opinion. *Phillips*, 357 F.3d at 1241.

Additionally, the opinion of a specialist is generally entitled to more weight than the opinions of other non-specialists. *See* 20 C.F.R. § 404.1527(d)(5). However, the ALJ must "always consider the medical opinions in [the] case record together with the rest of the relevant evidence . . . receive[d]." *Id.* § 404.1527(b). While specialists "generally" are entitled to more weight, when there are internal inconsistencies, the specialist's opinion deserves less deference. *See Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005).

The ALJ accorded little weight to the opinion of Dr. Mulliken, a treating physician and a specialist, finding Dr. Mulliken's opinion was inconsistent with the weight of the record in its entirety. Substantial evidence supports this conclusion. The ALJ noted Dr. Mulliken opined Kerwin could (1) sit for three hours; (2) stand or walk for 2 hours; (3) occasionally lift up to 20 pounds; (4) grasp, push, and pull with no limitation; and (5) bend and squat, but not crawl or climb or use her feet repetitively. The ALJ pointed out Dr. Mulliken's opinion Kerwick could not sit for

4

more than three hours or stand for more than two hours is contradicted by Kerwick's high school attendance, where she sat for nearly seven hours a day, and past employment, where she worked eight hours a day. In high school, Kerwick sat in a classroom 42 minutes of every hour, 7 times a day, 5 days a week. Kerwick was active while working in child care, sitting and standing eight hours a day. Also, she successfully performed clerical work at her uncle's office for a month.

Dr. Mulliken's opinion is also inconsistent with other medical opinions in the record. The ALJ examined evidence from multiple medical sources—Dr. Woletsky, a treating pediatrician who saw Kerwick about four or five times per year; Dr Seo, a consulting physician; Dr. Smith, a consulting orthopedic surgeon; and Dr. Buonocore, a state agency medical consultant. Evidence from these sources support a finding Kerwick is able to sit without difficulty for up to six hours.

Further, Dr. Mulliken's opinion is inconsistent with Kerwick's own testimony. Kerwick acknowledged she could sit for a couple of hours, then stand for an hour. Kerwick testified she could drive a car, and help cook and clean at home. Also, in the past, Kerwick participated in a gym class and in the Special Olympics.

5

## II. CONCLUSION

In sum, the ALJ articulated several reasons for giving less weight to Dr. Mulliken's opinion.  Thus, we conclude the ALJ's determination that Dr. Mulliken's opinion should be given little weight is supported by substantial evidence.

**AFFIRMED.**