# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3411

_____

Susan R. Penyweit,            *
                                 *

       Appellant,       *    Appeal from the United States
                                 *    District Court for the
   v.                     *    Western District of Missouri.
                                 *

Jo Anne B. Barnhart, Commissioner of  *    [UNPUBLISHED]
Social Security,             *
                                 *

       Appellee.       *

_____

Submitted:  November 2, 2005
Filed:  December 6, 2005

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Susan R. Penyweit appeals the district court's[1] order affirming the termination of disability insurance benefits (DIB) and supplemental security income (SSI). Based on a February 1995 application for DIB, Penyweit was found disabled as of October 1994 because she met the listing requirements for affective, anxiety, and personality disorders. In 1997 she applied for and was granted SSI benefits. Following a continuing-disability review, she was notified in July 2000 that her disability had

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

ceased and that her benefits would be stopped in September 2000. After a hearing, an administrative law judge (ALJ) found that (1) Penyweit's medically determinable mental or physical impairments did not meet the listing requirements; (2) her combined diabetes, hypertension, and hyperlipidemia were not severe, but her combined paranoid schizophrenia versus dysthymic disorder, recurrent major depression, and history of dissociative identity disorder were severe; (3) there had been medical improvement related to her ability to work; (4) she was not entirely credible; and (5) she had no physical limitations, and her specified mental limitations did not preclude her past relevant work as a housekeeper or, alternatively, preclude the performance of other jobs a vocational expert (VE) had identified in response to the ALJ's hypothetical.

We reject Penyweit's indirect challenge to the ALJ's credibility findings, as the ALJ gave multiple valid reasons for finding that Penyweit's testimony was not fully credible as to the extent of her symptoms and functional limitations. See Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) (deference is warranted where ALJ's credibility determination is supported by good reasons and substantial evidence). We also reject Penyweit's argument that the ALJ should have adopted Dr. C. Ruttan's July 2002 mental residual-functional-capacity (RFC) findings. The ALJ properly discounted Dr. Ruttan's July 2002 mental RFC opinion to the extent it was vague and inconsistent with her global-assessment-of-functioning rating. See Reed v. Barnhart, 399 F.3d 917, 920-21 (8th Cir. 2005) (this court has upheld ALJ's decision to discount treating physician's opinion when physician's inconsistent opinions undermine his or her credibility); Holmstrom v. Massanari, 270 F.3d 715, 721 (8th Cir. 2001) (treating physician's vague and conclusory opinion is not entitled to deference). Further, the ALJ's opinion clearly reflects that he considered Dr. Ruttan's July 2002 opinion in formulating his mental RFC findings, and that he essentially adopted Dr. Ruttan's earlier mental RFC opinion because it was closer to the period in question. Having concluded that Penyweit was properly discredited and that the ALJ properly discounted in part Dr. Ruttan's July 2002 mental RFC opinion, we conclude that the

ALJ's mental RFC findings were proper.  See Stormo v. Barnhart, 377 F.3d 801, 807 (8th Cir. 2004) (RFC determination).

We also disagree with Penyweit's contention that the record did not show she had a medical improvement related to the ability to work.  She fails to recognize that when an impairment's severity no longer meets a listing, it will be found that the medical improvement is related to the ability to work.  See 20 C.F.R. §§ 404.1594(c)(3)(i), 416.994(b)(2)(iv)(A) (2005).  Moreover, she does not point to evidence in the record showing that any of her mental impairments still met the listings for affective, anxiety, or personality disorders; and even if the record would support a finding that she met the "A" criteria of the listings at issue--which we find unlikely--Dr. Ruttan's July 2002 mental RFC findings indicate that Penyweit would not have met the "B" criteria.  See 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04 (Affective Disorders), 12.06 (Anxiety Related Disorders), 12.08 (Personality Disorders) (2005).

While there was evidence in the record indicating Penyweit has some limitations related to her mental diagnoses, the ALJ's determination that Penyweit could perform the unskilled jobs the VE identified is supported by substantial evidence.  See Guilliams, 393 F.3d at 801 (standard of review; even if inconsistent conclusions may be drawn from evidence, Commissioner's decision will be upheld if it is supported by substantial evidence on record as whole).  Penyweit's remaining arguments provide no basis for reversal.  Accordingly, we affirm.

_____