# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-3347

———————

Donna J. Bailey,                          *
                                          *
              Appellant,                  *
                                          *   Appeal from the United States
       v.                                 *   District Court for the
                                          *   Western District of Arkansas.
Jo Anne B. Barnhart, Commissioner         *
Social Security Administration,           *        [UNPUBLISHED]
                                          *
              Appellee.                   *

———————

Submitted:  August 3, 2005
Filed:  January 10, 2006

———————

Before MELLOY, MAGILL, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Donna J. Bailey appeals the district court's[1] order affirming the denial of disability insurance benefits.  Bailey alleged disability since October 2002 from neck, shoulder, back, hip, and leg problems.  After a hearing, an administrative law judge (ALJ) determined that (1) Bailey had degenerative disc disease, lumbar radiculopathy, mechanical neck pain, and some minor/acute problems; (2) her impairments were not

---

[1]The Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

of listing-level severity alone or combined; (3) her alleged limitations were not entirely credible; and (4) her residual functional capacity did not preclude her past relevant work (classified as light and unskilled) as a packager in a poultry-processing plant.

Having carefully reviewed the record, see Harris v. Barnhart, 356 F.3d 926, 928 (8th Cir. 2004) (standard of review), we disagree with Bailey's assertion that the ALJ's credibility findings were vague, conclusory, and unexplained, and we conclude that they are entitled to deference as they were supported by good reasons and substantial evidence, see Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). We also reject Bailey's challenge to the ALJ's residual-functional-capacity findings. See Stormo v. Barnhart, 377 F.3d 801, 807 (8th Cir. 2004) (in determining residual functional capacity, ALJ must consider medical records, observations of treating physicians and others, and claimant's own description of her limitations).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____