# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1908

_____

Jonathan V. Koenig,               *
                                  *
        Appellant,       *
                                  *   Appeal from the United States
   v.                     *   District Court for the
                                  *   District of Minnesota.
Jo Anne B. Barnhart, Commissioner  *
of Social Security Administration,    *   [UNPUBLISHED]
                                  *
        Appellee.        *

_____

Submitted: June 19, 2006
Filed: June 27, 2006

_____

Before ARNOLD, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

      Jonathan V. Koenig appeals the district court's[1] order affirming the denial of supplemental security income (SSI). In an October 2000 application, Koenig alleged disability from, inter alia, back pain, adult attention deficit hyperactivity disorder (ADHD), and depression. After a hearing, where Koenig was counseled, an

_____

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota, adopting the report and recommendations of the Honorable Susan Richard Nelson, United States Magistrate Judge for the District of Minnesota.

administrative law judge (ALJ) found that Koenig's impairments--L5/S1 degenerative joint disease, adult ADHD, depression, and longstanding personality problems--were severe, but not of listing-level severity either alone or combined; his allegations as to limitations were not fully credible; he had the residual functional capacity (RFC) to perform a significant range of light work, and his mental disorders did not preclude the performance of unskilled work; and he could perform jobs a vocational expert (VE) had identified in response to a hypothetical. On appeal Koenig generally argues that the record established his entitlement to SSI. Having carefully reviewed the record, we affirm. See Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) (standard of review).

To the extent Koenig is challenging the credibility findings, the ALJ gave multiple valid reasons for his findings. See id. at 801 (deference warranted where ALJ's credibility determination is supported by good reasons and substantial evidence). Koenig appears to argue that because diagnostic test results showed a herniated disc moderately compressing a nerve root, the record established disability, but we disagree. Cf. Dolph v. Barnhart, 308 F.3d 876, 880 (8th Cir. 2002) (while there is little doubt claimant has pain, issue is whether pain is so severe as to be disabling).

We also reject Koenig's apparent attempt to challenge the ALJ's RFC findings and the VE's testimony. The RFC findings--and thus the ALJ's hypothetical to the VE--were consistent with the opinions of the treating physicians and a consulting psychologist, as well as the RFC findings of the Social Security Administration medical reviewers; and, as noted above, Koenig was properly discredited. See Stormo v. Barnhart, 377 F.3d 801, 807 (8th Cir. 2004) (in determining RFC, ALJ should consider medical records, observations of treating physicians and others, and claimant's description of his limitations); Hunt v. Massanari, 250 F.3d 622, 625 (8th Cir. 2001) (hypothetical is sufficient if it sets forth impairments supported by record and accepted as true by ALJ). Koenig contends on appeal that the jobs the VE

identified are not available in his area, but he provides no evidence to support this contention.

Koenig's remaining arguments provide no basis for reversal. Accordingly, we affirm.

_____