# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3906

_____

Dean R. Berg,                                    *
                                                 *
            Appellant,                           *
                                                 *
      v.                                          *   Appeal from the United States
                                                 *   District Court for the District
Jo Anne B. Barnhart,                             *   of North Dakota.
Commissioner of Social Security,                 *
                                                 *        [UNPUBLISHED]
            Appellee.                            *

_____

Submitted: September 23, 2005
Filed: December 7, 2006

_____

Before MELLOY, MAGILL, and GRUENDER, Circuit Judges

_____

PER CURIAM.

      Dean R. Berg appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. In Berg's December 2000 and May 2001 applications, he alleged disability since October 1996 from chronic back pain, headaches, depression, and anxiety. He later changed his alleged onset date to August 1998, the date his previous application for benefits had been finally denied. After a hearing, an administrative law judge (ALJ) determined that (1) Berg's

_____

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

diagnosed conditions were severe, but not of listing-level severity; (2) his allegations of disability were not entirely credible; (3) he had the residual functional capacity (RFC) to perform light work with additional limitations, e.g., he was limited to non-technical, non-complex work, and thus he could not perform his past relevant work; but (4) he could perform the requirements of factory-assembler and information-clerk positions, jobs that a vocational expert identified as consistent with his RFC. After the Appeals Council denied review, the district court affirmed, and this appeal followed.

We conclude that the ALJ's credibility findings are entitled to deference. See Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) (this court defers to ALJ's credibility determination so long as it is supported by good reasons and substantial evidence). We also reject Berg's contention that the ALJ should have adopted Dr. Michael Martire's RFC opinion. Although Dr. Martire is a specialist and had a long-term treating relationship with Berg, see 20 C.F.R. §§ 404.1527(d), 416.927(d) (2005) (factors to be used in weighing medical opinions), his physical examination findings were for the most part unremarkable; he treated Berg conservatively; MRIs and x-rays revealed no objective basis for the degree of Berg's alleged pain and limitations; and Berg himself admitted that another doctor had found him capable of returning to his former job as a truck driver, which the vocational expert characterized as medium to heavy work, see Ellis v. Barnhart, 392 F.3d 988, 994-95 (8th Cir. 2005) (medical source opinions are considered in assessing RFC, but final RFC determination is for Commissioner; treating physician's opinion is entitled to controlling weight if it is well supported by medically acceptable diagnostic testing and not inconsistent with other substantial evidence in record).

Berg's challenge to the ALJ's RFC findings likewise fails. As noted, the record contained little objective medical evidence to support Berg's alleged physical limitations, and Berg admitted that one doctor had found him capable of returning to medium-to-heavy work. The ALJ's RFC determination is further supported by those

-2-

of the agency reviewing physicians and psychologists.  See Stormo v. Barnhart, 377 F.3d 801, 807 (8th Cir. 2004) (in determining RFC, ALJ must consider medical records, observations of treating physicians and others, and claimant's own description of his limitations).

While the record contains evidence that Berg has chronic pain, for which he has consistently sought treatment, and that he has had difficulty dealing with the pain, we find substantial evidence to support the ALJ's determination that Berg is not disabled. See Brown v. Barnhart, 390 F.3d 535, 541 (8th Cir. 2004) (while there is no doubt claimant has pain, important question is severity of pain); Guilliams, 393 F.3d at 801 (even if inconsistent conclusions may be drawn from evidence, Commissioner's decision will be upheld if it is supported by substantial evidence on record as whole). Berg's remaining arguments, some of which he failed to develop, provide no basis for reversal.  Accordingly, we affirm.

_____