# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1818

_____

Robin A. Woodruff,                           *
                                             *
            Appellant,                       *
                                             *  Appeal from the United States
      v.                                     *  District Court for the
                                             *  Western District of Missouri.
Michael J. Astrue[1],                        *
Commissioner of Social Security,             *  [UNPUBLISHED]
                                             *
            Appellee.                        *

_____

Submitted: March 16, 2007
     Filed: March 28, 2007

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Robin A. Woodruff appeals the district court's[2] order affirming the denial of disability insurance benefits, and the denial of supplemental security income prior to

_____

[1]Michael J. Astrue has been appointed to serve as Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

[2]The Honorable John T. Maughmer, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

July 9, 2003. In June 2001 Woodruff alleged disability since June 1999 from, inter alia, bone spurs and deteriorating discs. At a 2003 hearing before an administrative law judge (ALJ), Woodruff's onset date was revised to January 2001. His date last insured for purposes of disability insurance benefits was calculated to be December 2001. After the hearing, the ALJ determined (1) the medical evidence established that Woodruff has severe degenerative joint disease and bone spurs, but his impairments alone or combined were not of listing-level severity; (2) he was not entirely credible; (3) his residual functional capacity (RFC) precluded his past relevant work, and he had not acquired transferrable work skills; and (4) based on a vocational expert's opinion, there were a significant number of sedentary jobs he could perform. The ALJ further found, however, that as of July 9, 2003, the medical-vocational guidelines directed a finding of disabled, for purposes of supplemental security income, based on Woodruff's age, education, past work experience, and RFC. The Appeals Council denied review, and the district court affirmed. Having carefully reviewed the record, we affirm. See Gonzales v. Barnhart, 465 F.3d 890, 894 (8th Cir. 2006) (standard of review).

Because the ALJ gave several valid reasons for finding Woodruff and his wife not entirely credible, the ALJ's credibility determination is entitled to deference. See Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir. 2006). To the extent Woodruff is challenging the ALJ's RFC determination, we discern no basis for such a challenge. See Guilliams v. Barnhart, 393 F.3d 798, 803 (8th Cir. 2005) (RFC must be supported by some medical evidence); Stormo v. Barnhart, 377 F.3d 801, 807 (8th Cir. 2004) (in determining RFC, ALJ should consider medical records, observations of treating physicians and others, and claimant's own description of his limitations). Woodruff cannot rely on the activity limitations and subjective complaints he was experiencing in 2006 when he wrote his brief, and we decline to consider the new and largely irrelevant evidence he has submitted on appeal, see Jones v. Callahan, 122 F.3d 1148, 1154 (8th Cir. 1997) (consideration of evidence outside record before Commissioner is generally precluded; remand is warranted only upon showing that there is new and

material evidence, and good cause exists for not incorporating it into administrative record).

Accordingly, we affirm.

_____