# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1269

_____

| | | |
|---|---|---|
| Margaret Gates, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| Michael J. Astrue, Commissioner of | * | |
| Social Security, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: September 23, 2010
Filed: December 23, 2010

_____

Before GRUENDER, ARNOLD, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Margaret Gates appeals the decision of the district court[1] upholding the Social Security Commissioner's denial of her application for disability insurance benefits and supplemental security income. We affirm.

_____

[1]Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

I.

Gates applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423, and for supplemental security income under Title XVI of that Act, 42 U.S.C. § 1382, alleging that she had been disabled since April 15, 2004. Her applications were denied initially, on reconsideration, and after a hearing before an administrative law judge ("ALJ"). The Appeals Council, however, remanded Gates' claims to the ALJ for further consideration.

Pursuant to the Appeals Council's remand, the ALJ held a second hearing on whether Gates was disabled at any time from April 15, 2004, through July 18, 2007.[2] Applying the five-step sequential evaluation for determining whether a claimant is disabled, 20 C.F.R. §§ 416.920(a)(4), 404.1520(a)(4), the ALJ concluded Gates was not. At step two of the sequential evaluation, the ALJ found that Gates had severe physical impairments but that Gates' depression and anxiety were not severe. At step three, the ALJ found that Gates' severe impairments did not meet or equal any of the listed impairments. At step four, after discounting Gates' testimony, the ALJ found that Gates had the residual functional capacity ("RFC") to perform the full range of light work. At step five, the ALJ found that Gates was capable of performing her past relevant work as a retail sales clerk. The Appeals Council denied review of the ALJ's decision, and the district court affirmed the denial of benefits.

On appeal, Gates alleges the ALJ erred at step two by not finding that her mental impairments were severe, resulting in an improper calculation of her RFC at

---

[2]Pending her appeal to the Appeals Council, Gates had filed a second set of applications for disability insurance benefits and supplemental security income alleging that she was disabled since July 18, 2007, the date of the ALJ's decision on her initial applications. After her applications were again denied initially and on reconsideration, an ALJ found Gates disabled as of July 19, 2007. Thus, this appeal is limited to the closed period between April 15, 2004, and July 18, 2007.

step four, and the ALJ improperly discounted Gates' testimony about her work-related limitations when calculating her RFC.

## II.

We review a district court's decision upholding the denial of social security benefits de novo. Pelkey v. Barnhart, 433 F.3d 575, 577 (8th Cir. 2006). We will affirm if the ALJ's decision is supported by substantial evidence on the record as a whole. Harris v. Barnhart, 356 F.3d 926, 928 (8th Cir. 2004). Substantial evidence means less than a preponderance but enough that a reasonable person would find it adequate to support the decision. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). In reviewing, we consider evidence that detracts from the decision, as well as evidence that supports it. Karlix v. Barnhart, 457 F.3d 742, 746 (8th Cir. 2006). However, we will not reverse simply because some evidence supports a conclusion other than that reached by the ALJ. Pelkey, 433 F.3d at 578. Likewise, we defer to an ALJ's credibility determinations if they are supported by valid reasons and substantial evidence. Id.

## III.

We find no merit to Gates' assertion that the ALJ's RFC determination was flawed because it was based on an incorrect assessment of her mental impairments. The medical record supports the conclusion that any depression experienced by Gates was situational in nature, related to marital issues, and improved with a regimen of medication and counseling. See Banks v. Massanari, 258 F.3d 820, 826 (8th Cir. 2001) (finding depression not severe under similar circumstances). Gates points to some medical evidence that detracts from the ALJ's finding, but much of the evidence is only marginally persuasive. Although Dr. Gustavo Granada assessed Gates as suffering from depression on September 3, 2004, he provided no documentation of signs, symptoms, or findings in support of his assessment. The diagnoses of

depression rendered by Gates' other examining physicians did not include opinions as to her functional limitations, were largely based on Gates' own statements, and were contradicted by the testimony of Dr. Paul Deyoub who stated based on the same medical record that Gates' depression was only a mild limitation. Finally, we find no error in the ALJ's consideration of the testimony of Dr. Deyoub, a nonexamining medical expert. The use of such a medical advisor is proper, Janka v. Sec'y of Health, Educ. & Welfare, 589 F.2d 365, 368 n.4 (8th Cir. 1978), and the ALJ received Dr. Deyoub's testimony in compliance with the Appeals Council's directive to "obtain evidence from a mental health medical expert to clarify the nature and severity of [Gates'] impairment(s)." Because it is supported by substantial evidence, we affirm the ALJ's finding that Gates' depression and anxiety were not severe.

We also reject Gates' assertion that the ALJ erred in not fully crediting Gates' testimony about her mental and physical limitations on her ability to do work-related activities. The ALJ's credibility determination was supported by valid reasons and substantial evidence. See Gregg v. Barnhart, 354 F.3d 710, 713-14 (8th Cir. 2003) (stating the standard for deferring to an ALJ's credibility determination). The ALJ referred to specific portions of the medical record that were inconsistent with Gates' claim that she experienced disabling symptoms. Furthermore, the ALJ noted statements made by Gates in the administrative record in which Gates denied that her ability to concentrate, understand, follow instructions, use her hands, and get along with others were affected by her conditions and reported an ability to do housework, drive alone, shop, pay bills, conduct banking activities, read, and engage in such leisure and recreational activities as hunting and fishing. We therefore defer to the ALJ's judgment.

IV.

Accordingly, we affirm.

_____

-4-