# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2808

_____

Rose Weaver,                                          *
                                                      *
              Appellant,                              *
                                                      *   Appeal from the United States
       v.                                             *   District Court for the Eastern
                                                      *   District of Arkansas.
Michael J. Astrue, Commissioner,                      *
Social Security Administration,                       *   [UNPUBLISHED]
                                                      *
              Appellee.                               *

_____

Submitted: February 4, 2011
Filed: February 16, 2011

_____

Before MELLOY, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Rose Weaver appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. Weaver alleged disability since 1998 from anxiety attacks, depression, and emotional problems. After a 2007 hearing, an administrative law judge determined that Weaver's severe impairments--bipolar and panic disorders and social anxiety--did not meet or medically equal a listed

---

[1]The Honorable Jerome T. Kearney, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

impairment alone or combined; her subjective complaints were not entirely credible; she had no past relevant work; and based on the testimony of a vocational expert in response to a hypothetical, Weaver's mental residual functional capacity (RFC) did not preclude her working in certain jobs the vocational expert identified. The Appeals Council denied review, and the district court affirmed. Having conducted de novo review and considered Weaver's arguments for reversal, we find that the ALJ's decision is supported by substantial evidence on the whole record, including the new evidence considered by the Appeals Council. See Davidson v. Astrue, 501 F.3d 987, 989-90 (8th Cir. 2007).

Specifically, we find that the ALJ gave several valid reasons for discounting the mental RFC opinions of psychiatrist John Black, who treated Weaver until September 2005. See Brown v. Astrue, 611 F.3d 941, 951 (8th Cir. 2010) (treating physician's opinion is generally entitled to substantial weight, but it does not automatically control); Hacker v. Barnhart, 459 F.3d 934, 937 (8th Cir. 2006) (physician's own inconsistency may diminish or eliminate weight accorded to his opinion); Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005) (treating physician's opinion is entitled to great weight if it is supported by medically acceptable diagnostic techniques). We also reject Weaver's apparent related challenge to the ALJ's hypothetical. See Guilliams v. Barnhart, 393 F.3d 798, 804 (8th Cir. 2005) (proper hypothetical sets forth impairments supported by substantial evidence and accepted as true by ALJ). Accordingly, we affirm.

_____