# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3568

_____

Jonathan Scott Dexter,

        Appellant,

v.

Michael J. Astrue, Commissioner,
Social Security Administration,

        Appellee.

\*
\*
\*
\*
\*    Appeal from the United States
\*    District Court for the
\*    Western District of Arkansas.
\*
\*    [UNPUBLISHED]
\*
\*

_____

Submitted: April 7, 2011
Filed: April 14, 2011

_____

Before WOLLMAN, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Jonathan Scott Dexter appeals the district court's[1] order affirming the denial of supplemental security income and disability insurance benefits. After careful review of the record, see Gates v. Astrue, 627 F.3d 1080, 1082 (8th Cir. 2010) (standard of review), we find (1) that the administrative law judge's (ALJ's) credibility determination is entitled to deference, see Halverson v. Astrue, 600 F.3d 922, 932 (8th

_____

[1]The Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Cir. 2010); (2) that the ALJ properly discounted opinions from a treating counselor and a consulting psychologist on Dexter's residual functional capacity, see Kirby v. Astrue, 500 F.3d 705, 709 (8th Cir. 2007) (consulting physician's opinion is not entitled to special deference, especially when it is based largely on claimant's subjective complaints); cf. Hacker v. Barnhart, 459 F.3d 934, 937 (8th Cir. 2006) (ALJ may elect in certain circumstances not to give controlling weight to treating physician's opinion, as record must be evaluated as whole; treating physician's own inconsistency may diminish or eliminate weight accorded to his opinion); (3) that the ALJ's hypothetical to a vocational expert was proper, see Guilliams v. Barnhart, 393 F.3d 798, 804 (8th Cir. 2005) (proper hypothetical sets forth impairments supported by substantial evidence and accepted as true by ALJ); and (4) that Dexter failed to meet his burden of showing he met the requirements of listings that he identifies, see Carlson v. Astrue, 604 F.3d 589, 593 (8th Cir. 2010) (burden is on claimant to establish that he meets or equals listing; impairment must meet all criteria for listing). Accordingly, the judgment is affirmed.  See 8th Cir. R. 47B.

_____