# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 16-4469

———————————————

Kevin L. Wolfe

*Plaintiff - Appellant*

v.

Nancy A. Berryhill, Acting Commissioner of Social Security

*Defendant - Appellee*

————————

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

————————

Submitted: September 26, 2017
Filed: September 29, 2017
[Unpublished]

————————

Before GRUENDER, BENTON, and KELLY, Circuit Judges.

————————

PER CURIAM.

Kevin L. Wolfe appeals the district court's[1] order upholding the denial of disability insurance benefits. This court reviews de novo the district court's decision

———————————

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa, now retired.

affirming the denial of benefits, examining whether the administrative law judge's (ALJ) decision is supported by substantial evidence on the record as a whole. See Igo v. Colvin, 839 F.3d 724, 728 (8th Cir. 2016). We find no merit to Wolfe's challenges to the ALJ's credibility findings. See Julin v. Colvin, 826 F.3d 1082, 1086 (8th Cir. 2016) (noting that credibility findings are ALJ's province, and, so long as they are supported by "good reasons and substantial evidence," this court will defer to those findings (quoting Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005))). We also find no merit to Wolfe's challenges to the ALJ's determination of his mental residual functional capacity (RFC), because the ALJ's reasons for discounting the opinion of Wolfe's treating psychiatrist were valid, see Perkins v. Astrue, 648 F.3d 892, 897–99 (8th Cir. 2011) (holding that treating physician's opinion does not automatically control, as record must be evaluated as whole; it is permissible for ALJ to discount treating physician's opinion that is inconsistent with his own notes); and the mental RFC determination was consistent with the medical evidence, see Boyd v. Colvin, 831 F.3d 1015, 1020 (8th Cir. 2016) (explaining that "it is the responsibility of the ALJ, and not a physician, to determine a claimant's RFC" based on all relevant evidence: medical records, observations of treating physicians and others, and claimant's own description of his limitations); Hensley v. Colvin, 829 F.3d 926, 931–32 (8th Cir. 2016) (stating that the claimant bears the burden of demonstrating RFC, which must be supported by some medical evidence, but there is no requirement that finding be supported by specific medical opinion). The judgment of the district court is affirmed.

_____