# United States Court of Appeals

## For the Eighth Circuit

_____

No. 24-1923

_____

Karen D. Littrell

*Plaintiff - Appellant*

v.

Martin O'Malley, Commissioner of Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: October 1, 2024
Filed: October 4, 2024
[Unpublished]

_____

Before GRASZ, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Karen Littrell appeals the district court's order affirming the partial denial of supplemental security income benefits, after her hearing before an Administrative Law Judge (ALJ). After careful review, we conclude that remand is required for further consideration of Littrell's subjective complaints, particularly her reports of back and knee pain. See Ross v. O'Malley, 92 F.4th 775, 778 (8th Cir. 2024) (de

novo review of district court's judgment; Commissioner's decision will be affirmed if it is supported by substantial evidence on record as whole and ALJ made no legal error). The ALJ discounted Littrell's pain complaints without providing sufficient rationale, as he cited only the lack of objective medical evidence in discounting her physical complaints generally, and did not address her reports of back and knee pain. See Halverson v. Astrue, 600 F.3d 922, 931-32 (8th Cir. 2010) (ALJ may not discount claimant's subjective complaints solely because they are unsupported by objective medical evidence, although such absence of evidence is factor to be considered); Guilliams v. Barnhart, 393 F.3d 798, 802 (8th Cir. 2005) (in rejecting claimant's complaints of pain as not credible, court expects ALJ to detail reasons for discrediting testimony and set forth inconsistencies found).

Because the ALJ's evaluation of Littrell's pain complaints was insufficient, the ALJ's subsequent determination of her residual functional capacity (RFC) and the related hypothetical question he posed to the vocational expert (VE) were similarly infirm. See Swope v. Barnhart, 436 F.3d 1023, 1025 (8th Cir. 2006) (where there was no indication in ALJ's opinion that he disbelieved evidence of claimant's impairment, it was error not to include impairment in hypothetical question to VE); Cunningham v. Apfel, 222 F.3d 496, 502 (8th Cir. 2000) (reversing in part because ALJ failed to credit or properly consider evidence of physical impairment that was supported by medical records). Accordingly, we reverse the judgment of the district court, and we remand with instructions to remand to the Commissioner for further evaluation of Littrell's pain complaints.

STRAS, Circuit Judge, dissenting.

I would have affirmed the judgment.

_____