# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3972

_____

Elise A. Oliver,

           Appellant,

v.

Jo Anne B. Barnhart, Commissioner
of the Social Security Administration,

           Appellee.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Western District of Missouri.
\*
\*   [UNPUBLISHED]
\*
\*

_____

Submitted: September 6, 2006
Filed:  September 11, 2006

_____

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Elise A. Oliver appeals the district court's[1] decision affirming the denial of supplemental security income.  After a September 2003 hearing, where Oliver was counseled, an administrative law judge (ALJ) found that her bipolar affective disorder, alcohol dependence, personality disorder, obesity, and residual effects of an ankle fracture were severe impairments, but not of listing-level severity; that her substance abuse was not a contributing factor material to finding a disability; that her subjective

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

complaints were not fully credible; and that she could perform a range of light work. The ALJ further determined that Oliver's residual functional capacity (RFC) precluded her past relevant work, but that her RFC did not preclude the performance of jobs--available in significant numbers regionally and nationally--a vocational expert identified. After careful review, we conclude that there is substantial evidence in the record as a whole to support the Commissioner's denial of disability benefits to Oliver. See Pelkey v. Barnhart, 433 F.3d 575, 577-78 (8th Cir. 2006) (standard of review).

To the extent Oliver challenges the ALJ's credibility determination, the determination is entitled to deference. See Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003) (if ALJ explicitly discredits claimant and gives good reasons for doing so, this court normally defers to his credibility determination). We also reject Oliver's challenge to the ALJ's mental RFC findings, because they were consistent with Oliver's reports to her two main treating physicians and to a Medicaid-clinic doctor that her prescribed medications were controlling her manic and depressive episodes; they were consistent with a consulting psychologist's opinion as to the type of work Oliver could perform even when she was abusing alcohol; they were even more restrictive than the findings of a Social Security Administration reviewing psychologist; and Oliver was properly discredited. See Stormo v. Barnhart, 377 F.3d 801, 807 (8th Cir. 2004) (in determining RFC, ALJ should consider medical records, observations of treating physician and others, and claimant's own description of her limitations). We also conclude that the ALJ properly discounted in part the mental RFC opinion of treating psychiatrist Floyd Simpson as inconsistent with the record as a whole. See Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005) (treating physician's opinion does not automatically control because record must be evaluated as whole).

Accordingly, we affirm.

_____