# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3563

_____

William Henderson, Jr.,       *
      *
      Appellant,       *
      *
      * Appeal from the United States
      v.       * District Court for the
      * Western District of Missouri.
      *
Jo Anne B. Barnhart, Commissioner of       *
Social Security,       * [UNPUBLISHED]
      *
      Appellee.       *

_____

Submitted: October 26, 2006
Filed: October 30, 2006

_____

Before MURPHY, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

William Henderson, Jr., appeals the district court's[1] order affirming the denial of supplemental security income and disability insurance benefits. Having carefully reviewed the record, we affirm. See Pelkey v. Barnhart, 433 F.3d 575, 577-78 (8th Cir. 2006) (standard of review). In his September 2001 applications, Henderson alleged disability since July 2001 from asthma, a heart condition, and allergies. After

_____

[1]The Honorable James C. England, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

a hearing, an administrative law judge (ALJ) determined that (1) Henderson's coronary artery disease, asthma, musculoskeletal chest pain, and history of polysubstance abuse were severe impairments, but not of listing-level severity alone or combined; (2) his testimony was not entirely credible; and (3) his residual functional capacity (RFC) precluded his past relevant work, but did not preclude sedentary unskilled jobs that a vocational expert had identified in response to a hypothetical.

Contrary to Henderson's assertion on appeal, the ALJ gave multiple valid reasons for his credibility determination. See Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003) (if ALJ explicitly discredits claimant and gives good reasons for doing so, this court normally defers to credibility determination). We also reject Henderson's contention that the ALJ erred in not finding him disabled under Listing 3.03B, see 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.03B (asthma with attacks), because the record evidence shows his condition did not meet the listing, see Dunahoo v. Apfel, 241 F.3d 1033, 1037 (8th Cir 2001) (while it is preferable to have ALJ explicitly state reasons why claimant failed to meet listing, conclusion must be upheld if record supports it). Finally, we conclude Henderson's challenge to the ALJ's RFC findings also fails. See Stormo v. Barnhart, 377 F.3d 801, 807 (8th Cir. 2004) (in determining RFC, ALJ should consider medical records, observations of treating physicians and others, and claimant's own description of his limitations). The medical records support the ALJ's determination that Henderson is capable of performing sedentary work with a sit-stand option, and we note that Henderson offered no RFC statement from a treating physician, although it was his burden to establish RFC. See Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005).

Accordingly, we affirm.

_____