PER CURIAM.
Dennis L. Watkins, Jr. appeals the district court’s order affirming the denial of supplemental security income and disability insurance benefits. Watkins alleged disability since April 2004 from spinal problems, a bipolar disorder, and problems with concentration and interacting with the public. After an August 2006 hearing, an administrative law judge (ALJ) found that (1) Watkins’s bipolar disorder, mild scoliosis, and degenerative disc disease were severe impairments, but not of listing-level severity; (2) his subjective complaints were not fully credible; and (3) his residual functional capacity (RFC) precluded his past relevant work, but a vocational expert’s testimony in response to a hypothetical showed that Watkins could perform other jobs existing in substantial numbers. The Appeals Council denied review, and the district court affirmed. Upon careful review of the record and Watkins’s arguments for reversal, see Pate-Fires v. Astrue, 564 F.3d 935, 942 (8th Cir.2009) (standard of review), we conclude that certain aspects of the ALJ’s decision are not supported by substantial evidence.[1]
Watkins contends that the ALJ erred in finding him not credible. Contrary to his suggestion, the ALJ was not *896 required to discuss each of the requisite credibility factors, so long as he recognized and considered them in making his credibility determination. See Halverson v. Astrue, 600 F.3d 922, 932 (8th Cir.2010). We agree with the ALJ that Watkins’s complaints of disabling pain from his physical problems are unsupported by the objective medical evidence, see Mouser v. Astrue, 545 F.3d 634, 638 (8th Cir.2008) (lack of objective medical evidence is relevant to credibility); and are inconsistent with Watkins’s failure to seek ongoing treatment, see Halverson, 600 F.3d at 932 (subjective complaints may be discounted based on inconsistencies in record as whole); Casey v. Astrue, 503 F.3d 687, 693 (8th Cir.2007) (failure to seek regular treatment is not consistent with complaints of disabling pain), and also with some of his reported strenuous daily activities, see Goff v. Barnhart, 421 F.3d 785, 792 (8th Cir.2005) (inconsistencies between claimant’s subjective complaints and his activities diminish his credibility). Because the ALJ’s adverse credibility determination concerning Watkins’s subjective physical complaints was based on several valid reasons, we defer to this determination. See Finch v. Astrue, 547 F.3d 933, 935-36 (8th Cir.2008).
As to Watkins’s subjective mental complaints, the treatment records do not support his assertion that his extensive reported plans and activities were exaggerated and symptomatic of his bipolar disorder, and so it was proper for the ALJ to rely on these activities and plans in discounting Watkins’s allegations of disabling psychiatric symptoms. See id. However, while the ALJ correctly noted that most of the treatment records reflected improvement of Watkins’s mental condition with medication, see Schultz v. Astrue, 479 F.3d 979, 983 (8th Cir.2007) (where impairment can be controlled by treatment, it cannot be considered disabling), the later treatment records show a worsening of his mental condition, as they document paranoid thoughts and hallucinations or delusions, and the early 2006 mental-status-examination findings were almost entirely abnormal. Although the ALJ also correctly observed that the record reflected Watkins’s repeated noncompliance with recommendations to return for follow-up or to take his prescribed medications, as Watkins points out, this court has recognized that a mentally ill claimant’s noncompliance can be, and ordinarily is, the result of the mental impairment, and thus it is not deemed willful or unjustifiable. See Pate-Fires, 564 F.3d at 945-47 (collecting cases; noting ALJ’s failure to make critical distinction between claimant’s awareness of need to take medication and question whether claimant’s noncompliance was medically determinable symptom of mental illness). Because the ALJ relied primarily on Watkins’s noncompliance with treatment recommendations to discredit his allegedly disabling psychiatric symptoms, the ALJ’s related adverse credibility determination is not entitled to deference.
Watkins also challenges the ALJ’s RFC findings. We reject his challenge to the physical RFC findings, because the opinion of Dr. William Winston, who saw Watkins four times, was conclusory, see Hacker v. Barnhart, 459 F.3d 934, 937 (8th Cir.2006) (to warrant controlling weight, treating physician’s opinion must be supported by medically acceptable diagnostic tests and not be inconsistent with other substantial evidence); and the ALJ’s physical RFC findings were not only more limited than those of consulting physician Harold Chakales, but also consistent with the treatment records and the decision to discredit—we conclude correctly—Watkins’s related subjective complaints, see Davidson v. Astrue, 578 F.3d 838, 844 (8th Cir.2009) (RFC determination should be based on all relevant evidence, including medical *897 records, observations of treating physicians and others, and claimant’s own description of his limitations).
The ALJ found, on the areas covered in a psychiatric review technique form (PRTF), that the record did not show more than moderate restrictions in daily activities; any significant deficit in social functioning, or in concentration, persistence, or pace; or actual episodes of deterioration or decompensation in work settings. As to mental RFC, he limited Watkins to jobs involving only routine interpersonal contact with others, and simple, routine, and repetitive tasks. The ALJ’s PRTF findings are more restricted than those of Social Security Administration reviewing physicians, and the ALJ’s mental RFC findings appear consistent with the global assessment of functioning ratings contained in the treatment records, which primarily reflected moderate impairments as of the alleged onset date. However, an RFC opinion is based in part on an assessment of a claimant’s credibility and, as already noted, the ALJ’s relevant credibility determination is not entitled to deference. We are also troubled by the absence of a mental RFC opinion in the record from Watkins’s several treating psychiatrists, given that a social security hearing is a non-adversarial proceeding, and thus that an ALJ has a duty to develop the record fully, including seeking clarification from treating physicians if a crucial issue is underdeveloped or undeveloped. See Smith v. Barnhart, 435 F.3d 926, 930 (8th Cir.2006); see also Garza v. Barnhart, 397 F.3d 1087, 1089-90 (8th Cir.2005) (per curiam) (ALJ’s duty to develop record fully and fairly exists even when claimant is represented by counsel).
In summary, we conclude that substantial evidence does not support the ALJ’s adverse credibility determination on Watkins’s subjective mental complaints or the ALJ’s mental RFC determination. The record also contains documented instances of Watkins’s abuse of illegal drugs, and it is unclear whether his mental problems are linked to this abuse. See Pettit v. Apfel, 218 F.3d 901, 903 (8th Cir.2000) (claimant has initial burden of showing that alcoholism or drug use is not material to finding of disability). Accordingly, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

. We decline to consider some of Watkins’s arguments—such as that the ALJ was required to complete an updated psychiatric review technique form—as they are clearly meritless or not developed.