# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2019

_____

Seth Snyder Bondurant,          *
                                     *

     Appellant,            *   Appeal from the United States
                                     *   District Court for the
   v.                      *   District of Minnesota.
                                     *
                                   *   [UNPUBLISHED]
                                   *

Michael J. Astrue, Commissioner of   *
Social Security,              *
                                   *

     Appellee.             *

_____

Submitted: February 18, 2011
Filed: July 27, 2011

_____

Before LOKEN, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Seth Snyder Bondurant appeals the district court's[1] decision upholding the Social Security Commissioner's denial of his application for disability insurance benefits and supplemental security income. We affirm.

_____

[1] The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

I.

Bondurant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423, and for supplemental security income under Title XVI of that Act, 42 U.S.C. § 1382, alleging that he had been disabled since November 30, 2003. His application was denied initially, on reconsideration, and after a hearing before an administrative law judge (ALJ).

The ALJ applied the five-step sequential evaluation for determining whether a claimant is disabled, 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step two of the sequential evaluation, the ALJ found that Bondurant experienced severe physical impairments in the form of "complex regional pain syndrome of the right shoulder since 1995, chronic pain syndrome, opioid dependency and reflex sympathetic dystrophy of the right shoulder with migration of some sympotoms to the left upper extremity." At step three, however, the ALJ decided that Bondurant's severe impairments did not meet or equal any of the listed impairments. At steps four and five, after discounting the opinion of Dr. Joseph J. Saccoman, Bondurant's treating physician, and the testimony of Bondurant, the ALJ found that Bondurant had the residual functional capacity (RFC) to perform light work and concluded that Bondurant was capable of performing his past work as a telemarketer and other jobs in the economy. The Appeals Council denied review of the ALJ's decision, and the district court affirmed the denial of benefits.

On appeal, Bondurant argues the ALJ's determination of Bondurant's RFC is unsupported by substantial evidence because the ALJ erroneously discounted Bondurant's testimony and gave insufficient weight to Dr. Saccoman's opinion.

-2-

II.

We review a district court's decision upholding the denial of social security benefits de novo. Pelkey v. Barnhart, 433 F.3d 575, 577 (8th Cir. 2006). We will affirm the ALJ's decision if it is supported by substantial evidence in the record as a whole. Harris v. Barnhart, 356 F.3d 926, 928 (8th Cir. 2004). Substantial evidence means less than a preponderance but enough that a reasonable person would find it adequate to support the decision. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). We consider both evidence that detracts from the decision and evidence that supports it. Karlix v. Barnhart, 457 F.3d 742, 746 (8th Cir. 2006). We will not reverse simply because some evidence supports a conclusion other than that reached by the ALJ. Pelkey, 433 F.3d at 578. Likewise, "we defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." Id. (quoting Guilliams, 393 F.3d at 801).

III.

The ALJ did not err when it discounted Bondurant's testimony. Under Polaski v. Heckler, before discrediting subjective complaints of pain, the ALJ must consider all of the evidence, including the claimant's work record and daily activity; the intensity, duration, and frequency of the claimant's pain and the conditions causing and aggravating the pain; the effectiveness of medication; and any functional limitations. 739 F.2d 1320, 1321-22 (8th Cir. 1984) (per curiam order); see also Partee v. Astrue, 638 F.3d 860, 865 (8th Cir. 2011). Here, the ALJ gave specific reasons for his findings and his credibility determination was supported by substantial evidence. See Gregg v. Barnhart, 354 F.3d 710, 713-14 (8th Cir. 2003) (stating the standard for deferring to an ALJ's credibility determination). The ALJ considered that: (1) Bondurant reported similar symptoms and pain levels for years in which he was employed and the onset date of Bondurant's disability corresponded with the date he was fired; (2) statements from Bondurant's mother and from Bondurant in the

medical record indicated that Bondurant was able to go out shopping, take his dogs on walks, and spend the day sitting while he played computer games, read, and watched television; (3) the state medical consultant, Dr. Hiram Cuevas, did not limit Bondurant's ability to work; (4) Dr. Cuevas and other doctors observed that Bondurant had strong gripping strength in his dominant hand and little difficulty sitting and walking; and (5) statements from Bondurant's mother and notes in the medical record suggested medication relieved Bondurant's pain. We conclude that substantial inconsistent evidence in the record supported the ALJ's credibility determination. See Halverson v. Astrue, 600 F.3d 922, 932 (8th Cir. 2010) (stating that acts and other evidence inconsistent with the claimant's claim of disability reflect negatively on the claimant's credibility).

The ALJ also did not err when it discounted Dr. Saccoman's opinion because the ALJ's credibility determination was once again supported by valid reasons and substantial evidence. See Gregg, 354 F.3d at 713-14. The ALJ was entitled to give less weight to Dr. Saccoman's opinion because the relevant portions of it were based primarily on Bondurant's complaints of pain rather than objective medical evidence. Kirby v. Astrue, 500 F.3d 705, 709 (8th Cir. 2007). Moreover, the ALJ referred to other record evidence that conflicted with Dr. Saccoman's opinion, including objective medical evidence, opinions from other doctors, and Dr. Saccoman's own notes. See Heino v. Astrue, 578 F.3d 873, 879-80 (8th Cir. 2009) (stating that the ALJ may reject the treating physician's opinion if it is inconsistent with the record as a whole or other medical evaluations are "supported by better or more thorough medical evidence"); Davidson v. Astrue, 501 F.3d 987, 990-91 (8th Cir. 2007) (stating that an ALJ appropriately discounts a treating physician's opinion when it is inconsistent with the physician's clinical treatment notes).

IV.

Finding that the ALJ's decision is supported by substantial evidence, we affirm.

_____

-4-