SHEPHERD, Circuit Judge.
The Commissioner of Social Security appeals the district court’s judgment reversing the Commissioner’s decision to deny Rodney D. Boettcher supplemental security income (SSI) benefits. Because the Commissioner’s decision was supported by substantial evidence, we reverse and remand.
I.
Boettcher applied for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1382. His application was denied initially and on reconsideration. Boettcher requested a hearing before an Administrative Law Judge (ALJ).
At the hearing, the ALJ received testimony from Boettcher, Boettcher’s mother, and a vocational expert. The ALJ applied the five-step sequential evaluation for determining whether a claimant is disabled, 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step one of the sequential evaluation, the ALJ found that Boettcher had not engaged in substantial gainful activity since May 11, 2005. At step two, the ALJ found that Boettcher experiences severe physical impairments in the form of “degenerative disc disease in the lumbosacral spinel; the residuals of fusion surgery in the lumbosacral spine; and degenerative joint disease in the right knee.” At step three, however, the ALJ decided that Boettcher’s severe impairments did not meet or equal any of the listed impairments. At step four, after discounting Boettcher’s testimony, the ALJ found that Boettcher has the residual functional capacity (RFC) to perform sedentary work, as long as he has the option of alternating between sitting and standing on the job. Finally, at step five, the ALJ concluded that although Boettcher is incapable of performing his past work as a meat trimmer, production welder, maintenance mechanic, and construction worker, he can perform other jobs that exist in the economy. The ALJ therefore concluded that Boettcher was not disabled at any time from the alleged onset date through the date of the decision. The Appeals Council *863 declined to hear the case, making the ALJ’s decision the final decision of the Commissioner.
Boettcher appealed the Commissioner’s decision to the district court, arguing that the ALJ erred in not finding that his impairments met or equaled one of the listed impairments at step three and erred in discounting his subjective complaints. The district court reversed, holding that because the ALJ erroneously discounted Boettcher’s testimony, the ALJ’s determination of Boettcher’s RFC was not supported by substantial evidence. The district court concluded that had the ALJ correctly credited Boettcher’s testimony, Boettcher’s RFC would have additionally included the need to lie down often and to have frequent, unscheduled breaks. Based on the testimony from the vocational expert that these two additional restrictions would make Boettcher unemployable, the district court concluded that additional proceedings would only delay his eventual receipt of disability benefits. The district court reversed the Commissioner’s decision and directed an award of benefits.
The Commissioner appeals the district court’s decision, arguing that the ALJ permissibly discounted Boettcher’s testimony and that the district court substituted its own judgment for that of the ALJ in concluding otherwise. In the alternative, the Commissioner asserts that even if the ALJ erred, the district court should have remanded for additional proceedings and erred in directing the entry of an award of benefits. Boettcher reasserts on appeal that the ALJ also erred at step three by finding that his severe impairments did not meet or equal one of the listed impairments.
II.
We review de novo a district court’s decision upholding or reversing the denial of social security benefits. Reutter ex rel. Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir.2004). We will affirm the ALJ’s decision if it is supported by substantial evidence in the record as a whole. Harris v. Barnhart, 356 F.3d 926, 928 (8th Cir.2004). Substantial evidence means less than a preponderance but enough that a reasonable person would find it adequate to support the decision. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir.2005). We consider both evidence that detracts from the decision and evidence that supports it. Karlix v. Barnhart, 457 F.3d 742, 746 (8th Cir.2006). We will not reverse simply because some evidence supports a conclusion other than that reached by the ALJ. Pelkey v. Barnhart, 433 F.3d 575, 578 (8th Cir.2006). Likewise, “we defer to the ALJ’s determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence.” Id. (quoting Guilliams, 393 F.3d at 801).
III.
 Boettcher contends that at step three, the ALJ erred in concluding that Boettcher’s impairments did not meet or exceed one of the listed impairments and in not explaining the conclusion. There is no error when an ALJ fails to explain why an impairment does not equal one of the listed impairments as long as the overall conclusion is supported by the record. See Pepper ex rel. Gardner v. Barnhart, 342 F.3d 853, 855 (8th Cir.2003); Dunahoo v. Apfel, 241 F.3d 1033, 1037 (8th Cir.2001). In order to prove that his back pain met the listed impairment for “disorders of the spine,” Boettcher was required to show not only that his degenerative disc disease is a condition “resulting in compromise of the spinal cord,” but also that he meets one of the specific symptom and documentation requirements under subsections A, B, or C. 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 1.04, 1.04(A), 1.04(B), 1.04(C); see *864 Jones v. Astrue, 619 F.3d 963, 969 (8th Cir.2010) (stating the claimant must show that his impairment matches all of the specified medical criteria of a listing). There was evidence in the record, however, that Boettcher did not suffer from the sensory or reflex loss required under sub-part A; Boettcher did not produce the necessary documentation to show he suffered from spinal arachnoiditis required under subpart B; and Boettcher’s difficulty in walking is not the type of extreme limitation on ambulation required under subpart C. Therefore, ample evidence exists in the record to support the ALJ’s conclusion that Boettcher’s back pain was not an impairment matching the listing for “disorders of the spine.”
The ALJ also did not err in discounting Boettcher’s testimony. Before discrediting subjective complaints of pain and limitation, the ALJ must consider all of the evidence, including the claimant’s work record and daily activity; the intensity, duration, and frequency of the claimant’s pain and the conditions causing and aggravating the pain; the effectiveness of medication; and any functional limitations. Polaski v. Heckler, 739 F.2d 1320, 1321-22 (8th Cir.1984) (per curiam order); see also Partee v. Astrue, 638 F.3d 860, 865 (8th Cir.2011). Here, the ALJ explicitly discredited Boettcher’s testimony and gave good reasons for doing so. See Finch v. Astrue, 547 F.3d 933, 935-36 (8th Cir.2008) (stating the standard for deferring to an ALJ’s credibility determination). The ALJ considered that: (1) Boettcher gave conflicting statements about whether he stopped working because of back pain; (2) Boettcher testified during the hearing to severe physical limitations, but the medical record shows that he did significant car repairs on three separate occasions in 2006 and 2007; (3) Boettcher gave inconsistent statements about the intensity and consistency of his back and hip pain; (4) Dr. Rachel Ramirez opined that opiate pain killers and physical therapy might relieve some of his pain if Boettcher would stop his recreational drug use and consistently attend physical therapy; and (5) Dr. Ramirez opined that Boettcher could work in a job in which he could change positions and move freely. We conclude that valid reasons supported the ALJ’s adverse credibility determination. See id.; Watkins v. Astrue, 414 Fed.Appx. 894, 895-96 (8th Cir.2011) (unpublished per curiam).
Further, the ALJ’s RFC determination was supported by substantial evidence. Having discounted Boettcher’s testimony, the ALJ relied on the opinions of Boettcher’s examining doctors, Dr. Thomas Schryver and Dr. Ramirez, to determine Boettcher’s limitations. Dr. Schryver opined in 2005 that Boettcher could handle mild to moderate labor activities and that he could both sit and stand if he was allowed to get up and move around throughout the day. Similarly, in 2007, Dr. Ramirez testified that Boettcher could be employed in a field where he could change positions and move freely. Although Dr. Ramirez stated that Boettcher would have to take breaks more frequently than people without Boettcher’s injuries, Dr. Ramirez never specified the exact frequency or opined whether Boettcher needed to have the flexibility to take unscheduled breaks. We conclude that substantial evidence in the record supported the ALJ’s determination that Boettcher could perform sedentary work as long as he had the option of alternating between sitting and standing.
IV.
Finding that the ALJ’s decision is supported by substantial evidence, we reverse the district court’s decision and remand for the district court to affirm the decision of the Commissioner.