# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3371

_____

Carolyn Beard,                                              *
                                                           *
          Appellant,                                       *
                                                           *     Appeal from the United States
     v.                                                    *     District Court for
                                                           *     Eastern District of Arkansas.
Michael J. Astrue, Commissioner,                           *
Social Security Administration,                            *     [UNPUBLISHED]
                                                           *
          Appellee.                                        *

_____

Submitted:  May 24, 2012
Filed:  July 9, 2012

_____

Before WOLLMAN, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Carolyn Beard appeals from the district court's[1] order affirming the final decision of the Commissioner of Social Security, which denied her application for disability insurance benefits and supplemental security income.  Beard alleged that she had been disabled since October 2007.  After a hearing, an administrative law judge (ALJ) found that Beard's impairments of a neck disorder and hypertension were

_____

[1]The Honorable J. Thomas Ray, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

severe, but did not meet a listed impairment either singly or in combination; that her allegations regarding her limitations were not fully credible; that she had the residual functional capacity to perform the exertional demands of light unskilled work; and that she could perform her past relevant work of factory assembly worker and cashier. The Appeals Council denied review, and the district court affirmed.

We reject Beard's contention that the ALJ improperly disregarded the opinion of her treating physician, who examined Beard twice and wrote a letter stating that he had formed the opinion--based on Beard's medical history, examination, lab investigations, and educational and work history--that she was medically disabled and unable to perform any work because of advanced chronic obstructive pulmonary disease (COPD), worsening degenerative disc disease with pain, and depression. We conclude that the ALJ properly discounted this opinion after finding that it was not supported by the objective evidence in the record and that it contrasted with other evidence in the record. See Wagner v. Astrue, 499 F.3d 842, 849 (8th Cir. 2007) (ALJ may credit another medical evaluation over that of treating physician when other assessment is supported by better medical evidence, or where treating physician renders inconsistent opinions); Ellis v. Barnhart, 392 F.3d 988, 994-95 (8th Cir. 2005) (medical opinion that applicant is disabled involves issue reserved for Commissioner, and is not entitled to controlling weight). As to the degenerative disc disease, the ALJ properly found that tests did not indicate severe nerve impingement, the treating physician's physical exam did not reveal significant restrictions, and the consulting physician's examination showed a full range of motion. We note that Beard did not allege in her application or testify at the hearing that she was disabled by depression or COPD, and she did not seek medical treatment for breathing difficulties. See Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir. 2001) (failure to allege depression in disability application was significant); Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997) (failure to seek medical assistance contradicts subjective complaints).

Beard also argues that the ALJ erred in discounting her credibility based on her failure to have surgery when a neurologist discussed this possible treatment for her neck pain, as she refused surgery for financial reasons. We reject this argument, because the record does not indicate that Beard further explored her options for getting financial assistance after the neurologist expressed a willingness to work with her if she wanted surgery. See Osborne v. Barnhart, 316 F.3d 809, 812 (8th Cir. 2003) (failure to seek treatment is valid basis for discounting complaint when there was no evidence claimant attempted to obtain treatment that was denied because of insufficient funds). We also conclude that the ALJ did not err in discounting Beard's credibility based on her somewhat strenuous work as a waitress for several months after her onset date, and based on her daily activities. See Dunahoo, 241 F.3d at 1038-39 (working at job while applying for benefits is inconsistent with complaints of disabling pain); Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (where adequately explained and supported, credibility findings are for ALJ to make); cf. Pelkey v. Barnhart, 433 F.3d 575, 578-79 (8th Cir. 2006) (discounting credibility based on reported daily activities).

The judgment is affirmed.

_____