# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1198

_____

Richard Wright

*Plaintiff - Appellant*

v.

Michael J. Astrue, Social Security Commissioner

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 19, 2012
Filed: October 12, 2012
[Unpublished]

_____

Before WOLLMAN, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Richard Wright appeals from the district court's[1] order affirming the final decision of the Commissioner of the Social Security Administration (Commissioner)

_____

[1]The Honorable Matt J. Whitworth, United States Magistrate Judge for the Western District of Missouri, presiding by consent of the parties pursuant to 28 U.S.C. § 636(c).

denying Wright's application for disability insurance benefits and supplemental security income under the Social Security Act. Wright alleged that he had been disabled since May 2003. After a hearing, the administrative law judge (ALJ) found that Wright's impairments of degenerative disc disease, headaches, depressive disorder, and diabetes mellitus were severe but did not meet a listed impairment singly or in combination; that his allegations regarding the intensity, persistence, and limiting effects of his impairments were not fully credible; that he retained the residual functional capacity (RFC) to perform his past work as a lubrication technician; and, alternatively, that he retained the RFC to perform other work. The Appeals Council denied review, and the district court affirmed. Reviewing *de novo* the district court's order upholding the denial of social security benefits, see Perks v. Astrue, 687 F.3d 1086, 1091 (8th Cir. 2012), we affirm.

We reject Wright's argument that the ALJ's failure to discuss Wright's Global Assessment of Functioning (GAF) scores requires reversal. Given the ALJ's comprehensive analysis of the medical evidence, the infrequency of the GAF scores, the range of the GAF scores (40-59), Wright's conflicting activities, and the conflicting medical evidence relied upon by the ALJ, the ALJ's failure to reference Wright's GAF scores does not require reversal. See Jones v. Astrue, 619 F.3d 963, 973-74 & n.4 (8th Cir. 2010); see also Bradley v. Astrue, 528 F.3d 1113, 1115-16 n.3 (8th Cir. 2008) (concluding that the ALJ "necessarily considered" the claimant's GAF score because the ALJ considered the assessment containing the score).

We reject also Wright's challenge to the ALJ's determination that Wright could perform his past work as a lubrication technician as that job is performed in the national economy. At step four, the ALJ may elicit testimony from a vocational expert (VE) in evaluating a claimant's capacity to perform his or her past relevant work. 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2); Wagner v. Astrue, 499 F.3d 842, 853-54 (8th Cir. 2007). The VE can consider the demands of the claimant's past relevant work either as the claimant actually performed it or, as here, as performed

in the national economy. 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2); Wagner, 499 F.3d at 853-54. Accordingly, the ALJ did not err in relying on the VE's testimony as to Wright's ability to work as a lubrication technician as that job is performed in the national economy.

Wright argues also that the Appeals Council did not properly consider the November 8, 2008, mental RFC assessment of his treating physician, Grant Piepergerdes, M.D. "Where, as here, the Appeals Council considers new evidence but denies review, we must determine whether the ALJ's decision was supported by substantial evidence on the record as a whole, including the new evidence." Davidson v. Astrue, 501 F.3d 987, 990 (8th Cir. 2007). As a treating physician, Dr. Piepergerdes's opinion "is entitled to substantial weight 'unless it is unsupported by medically acceptable clinical or diagnostic data.'" Perks, 687 F.3d at 1093-94 (quoting Kirby v. Sullivan, 923 F.2d 1323, 1328 (8th Cir. 1991)).

Assuming that Dr. Piepergerdes's November 8, 2008, opinion was relevant to an earlier time, we conclude that it does not undermine the ALJ's RFC determination. Dr. Piepergerdes's November 8, 2008, conclusions are largely consistent with the ALJ's RFC determination, which accounts for Wright's moderate limitations in his ability to understand, remember, and carry out very short and simple instructions; to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and to respond appropriately to changes in the work setting. Dr. Piepergerdes also concluded that Wright was markedly limited in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. This conclusion is unsupported by explanation or medical evidence, however, and is contradicted by the medical evidence relied upon by the ALJ. See Halverson v. Astrue, 600 F.3d 922, 929-30 (8th Cir. 2010) (explaining that "[w]hen a treating physician's opinions are inconsistent or contrary to the medical evidence as a whole, they are entitled to less weight"

-3-

(internal quotation marks and citation omitted)); <u>Wildman v. Astrue</u>, 596 F.3d 959, 964 (8th Cir. 2010) (holding that the ALJ properly discounted the treating physician's opinion that consisted of three checklist forms, cited no medical evidence, and provided little to no elaboration); <u>Reed v. Barnhart</u>, 399 F.3d 917, 921 (8th Cir. 2005) (recognizing that "[w]e have upheld an ALJ's decision to discount a treating physician's [medical source statement] where the limitations listed on the form stand alone, and were never mentioned in [the physician's] numerous records o[f] treatment nor supported by any objective testing or reasoning" (first and second alterations added) (internal quotation marks and citation omitted)).

Finally, to the extent Wright has properly developed the issues, <u>see</u> <u>Meyers v. Starke</u>, 420 F.3d 738, 743 (8th Cir. 2005); <u>see also</u> <u>Watkins v. Astrue</u>, 414 F. App'x 894, 895 n.1 (8th Cir. 2011) (per curiam), we reject as meritless his contentions that the ALJ applied the incorrect standard for determining Wright's RFC and that the ALJ did not rely on medical evidence in determining Wright's RFC.

The judgment is affirmed.

_____