# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 13-1432

———————————————

Melissa Traylor, on behalf of Christopher Traylor

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner of Social Security Administration

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Helena

——————————

Submitted: October 30, 2013
Filed: November 1, 2013
[Unpublished]

——————————

Before LOKEN, BYE, and BENTON, Circuit Judges.

——————————

PER CURIAM.

Melissa Traylor, on behalf of Christopher Traylor, appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. Upon de novo review, we find that the administrative law judge's (ALJ's) decision is supported by substantial evidence on the record as a whole. See Van Vickle v. Astrue, 539 F.3d 825, 828 & n. 2 (8th Cir. 2008). Specifically, we find that because the ALJ gave several valid reasons for her credibility determination, it is entitled to deference. See Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012). We disagree with Traylor that the ALJ, in determining residual functional capacity (RFC), was required to give substantial weight to the opinions of two chiropractors, especially given that there are no treatment records from the one chiropractor and that the other saw Christopher Traylor only once for testing and gave a statement unrelated to the disability applications at issue here. See 20 C.F.R. §§ 404.1513(d), 416.913(d) (evidence from chiropractors may be used to show severity of claimant's impairment and how it affects claimant's ability to work); see also Martise v. Apfel, 641 F.3d 909, 925 (8th Cir. 2011) (in deciding how much weight to accord treating physician's opinion, ALJ must consider length of treatment and frequency of examinations); Cox v. Barnhart, 345 F.3d 606, 608 (8th Cir. 2003) (conclusory statements by doctor, if unsupported by medical record, do not bind ALJ in his disability determination). Finally, we find that the ALJ's RFC determination is consistent with the medical evidence, see Jones v. Astrue, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations; RFC must be supported by some medical evidence); and that, contrary to Traylor's contention, the vocational expert's testimony constituted substantial evidence, because it was based on a hypothetical that accounted for all of the proven

---

[1]The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

impairments, <u>see</u> <u>Boettcher v. Astrue</u>, 652 F.3d 860, 867-68 (8th Cir. 2011).  The judgment of the district court is affirmed.

_____