# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-3006

_____

Samuel Buford

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner of Social Security

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

_____

Submitted: March 17, 2016
Filed: June 2, 2016

_____

Before WOLLMAN, ARNOLD, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Samuel Buford applied for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act, 42 U.S.C. § 405, alleging disability due to gout, arthritis, back pain, diabetes, high blood pressure, and obesity. His application was denied initially and again upon reconsideration. After a hearing, an administrative law judge ("ALJ") denied Buford's claim and the appeals council denied Buford's administrative appeal, making the ALJ's decision the final decision of the

Commissioner of the Social Security Administration ("Commissioner"). Buford commenced this action, seeking judicial review of the agency's denial of benefits and the district court[1] affirmed the decision of the agency. From that decision, Buford appeals. We affirm.

I.

Buford was 56 years old at the time of the administrative hearing. He has an eleventh-grade education with past work experience as a farm worker. He testified at the hearing that he can no longer work due to gout, arthritis, diabetes, and high blood pressure.

In his written decision, the ALJ found, at step one of the sequential evaluation process, that Buford had not engaged in substantial gainful activity since October 15, 2012, the alleged onset date. At step two, the ALJ found that Buford has severe impairments consisting of: gout, diabetes, hypertension, and obesity. At step three, the ALJ found that Buford did not have an impairment or combination of impairments that meets or equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At the fourth step, the ALJ found that Buford has the residual functional capacity ("RFC") to perform medium work except that he can only occasionally kneel and crawl; can only occasionally climb ladders/ropes/scaffolds; but can frequently climb ramps/stairs, balance, stoop, and crouch. At the fifth step, the ALJ found that Buford was capable of performing his past relevant work as a farm worker, which does not require the performance of work-related activities precluded by Buford's RFC.

---

[1]The Honorable Beth Deere, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

II.

On appeal, Buford alleges generally that the ALJ's decision is not supported by substantial evidence in the record as a whole. We review a district court's decision upholding the denial of social security benefits *de novo.* Pelkey v. Barnhart, 433 F.3d 575, 577 (8th Cir. 2006). We must affirm if the decision of the Commissioner is supported by substantial evidence on the record as a whole. See Partee v. Astrue, 638 F.3d 860, 863 (8th Cir. 2011); Harris v. Barnhart, 356 F.3d 926, 928 (8th Cir. 2004). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the ALJ's determination." Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). In this review, we consider that evidence which detracts from the Commissioner's decision, as well as the evidence in support of the decision. Karlix v. Barnhart, 457 F.3d 742, 746 (8th Cir. 2006). However, we will not reverse simply because some evidence supports a conclusion other than that reached by the Commissioner. Pelkey, 433 F.3d at 578. Likewise, we defer to an ALJ's well-reasoned determinations of credibility, if they are supported in the record by substantial evidence. Id.

Buford challenges the ALJ's determination that Buford possesses the RFC to perform medium work with certain limitations, asserting that if the ALJ had properly determined that Buford was limited to light work, Buford would have been disabled under the medical-vocational guidelines. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 202.02. Specifically, he contends that the ALJ's RFC finding is inconsistent with medical evidence showing that he has a history of chronic back and leg pain due to arthritis and gout which impairs his ability to sit, stand, and walk and with the medical record reflecting a history of bilateral carpal tunnel syndrome and arthritis in his upper extremities. Buford further asserts that the ALJ should have further developed the record by requiring a consultative examination or by re-contacting Buford's treating doctors.

A review of the medical record before the ALJ reveals the following. Buford was treated at the Crittenden Regional Hospital ("Crittenden") on November 7, 2012 for pain, tenderness, and swelling in his left foot exacerbated by walking. Examination revealed an antalgic gait and left foot tenderness and swelling. However, joint examination was normal and Buford had normal range of motion, sensation and motor strength, no vascular compromise, and his pulses were full and equal. Buford was treated for left foot gout with an injection of Toradol and a prescription for Naprosyn. Two days later, although he had not filled the prescription for the pain medication, Buford again sought treatment at the East Arkansas Family Health Center ("East Arkansas FHC") for left foot pain. Examination revealed swelling/redness and tenderness of left great toe. Buford was administered Indomethacin and Prednisone and Depo Medrol.

Buford was again seen at the East Arkansas FHC on February 5, 2013. Examination revealed no edema and normal peripheral pulses. Allopurinol and a Medrol Pak was prescribed for gout. Injections of Depo Medrol and Toradol were also administered. At his six week follow-up visit, Buford had not filled his prescription for Allopurinol and complained of left foot pain and difficulty in walking and standing for long periods. His general examination was normal. On May 6, 2013, Buford went to the emergency room at Crittenden complaining of right foot pain. He was referred to the East Arkansas FHC, where examination of the lower extremities revealed no swelling. On June 21, 2013, Buford returned to the East Arkansas FHC reporting that his gout was flaring up making it hard for him to work. He complained of joint stiffness every morning and bilateral pain in the wrist, ankles, and bottom of his feet. The examining Advanced Practice Nurse recorded no abnormal findings and continued Buford's medication. On September 16, 2013, Buford reported that "gout is flaring up in [his] left arm and hand" and that his arm had "gave out on him."

On December 5, 2013 Buford underwent a nerve conduction study which revealed mild neuropathy of the wrists, mild ulnar neuropathy at the elbows, and early sensory neuropathy. Five days later, he complained that his lower back and left arm had been "really bothering him," with numbness and tingling in his left arm and hand. Again, the examination was not abnormal, Buford's medications were continued, and Ultram was added for his back pain.

On February 28, 2014, Buford reported pain in his right arm and wrist and lower back. On examination, no edema of the extremities was noted, and he had normal peripheral pulses, full range of motion of the lumbar spine, full range of motion of the wrists with pain, and no swelling, redness, or ecchymosis. Ultram and Flexeril were prescribed for pain. On April 7, 2014, Buford was seen at Delta Orthopedics for evaluation and treatment of both wrists. The examining doctor's assessment was bilateral carpal tunnel syndrome, and the doctor prescribed a one-month trial of night splints. On April 18, 2014, Buford returned to the East Arkansas FHC complaining of back, wrist, and left ankle pain. No abnormal joint findings were noted upon examination. Buford received an injection of Toradol and Depo Medrol, and he was prescribed a Medrol dose pack for pain.

Buford's RFC "is the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). Although it is the ALJ's responsibility to determine the claimant's RFC, 20 C.F.R. §§ 404.1545(a); 404.1546(c), the burden is on the claimant to establish his or her RFC. Andrews v. Colvin, 791 F.3d 923, 928 (8th Cir. 2015). The RFC determination must be supported by some medical evidence. Myers v. Colvin, 721 F.3d 521, 527 (8th Cir. 2013).

We conclude that the ALJ's determination of Buford's RFC is supported by substantial evidence and that the ALJ sufficiently developed the record. Although the record contains a history of Buford's examinations and treatment at various hospitals, clinics, and health centers in 2012-2014, the objective medical findings contained

therein do not support the degree of limitation alleged by Buford. See Juszczyk v. Astrue, 542 F.3d 626, 632 (8th Cir. 2008) (deferring to the ALJ's credibility determination where the objective medical evidence did not support the claimant's testimony as to the depth and severity of his physical impairments). Further, the conservative treatment, management with medication, and lack of required surgical intervention all support the ALJ's RFC determination. See Wildman v. Astrue, 596 F.3d 959, 965 (8th Cir. 2010) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling." (quoting Brown v. Barnhart, 390 F.3d 535, 540 (8th Cir. 2004))). Here, even if some evidence may support Buford's claimed RFC, the ALJ adequately articulated his reasons for not fully crediting Buford's subjective complaints of pain and limitation. The ALJ reviewed Buford's medical records and the observations of Buford's treating physicians. That evidence showed a lack of consistent ongoing treatment and a lack of consistent complaints and objective symptoms. For example, there were many occasions when, upon examination, Buford's joints were found to be normal. Cox v. Apfel, 160 F.3d 1203, 1207 (8th Cir. 1998) ("The ALJ may discount subjective complaints of pain if inconsistencies are apparent in the evidence as a whole.").

Finally, Buford asserts that the record before the ALJ was not adequately developed because it does not contain an opinion from a treating or consultative doctor as to Buford's work related limitations. However, medical assessments of state agency medical consultants as to Buford's limitations are of record and were expressly considered by the ALJ. See Page v. Astrue, 484 F.3d 1040, 1043 (8th Cir. 2007) (state agency opinions support ALJ's RFC assessment); see also McCoy v. Astrue, 648 F.3d 605, 612 (8th Cir. 2011) (ALJ's duty to develop the record is not never-ending and does not include the obligation to disprove every possible impairment); Martise v. Astrue, 641 F.3d 909, 926-27 (8th Cir. 2011) (the ALJ is required to order further medical examinations only if the existing medical record does not provide sufficient evidence to determine whether the claimant is disabled).

We therefore reject the contention that the ALJ failed to adequately develop the record.

## III.

The district court is affirmed.

_____