# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3896

_____

Bradley Landreth

*Plaintiff - Appellant*

v.

Nancy A. Berryhill, Acting Commissioner of Social Security

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Joplin

_____

Submitted: September 22, 2017
Filed: October 6, 2017
[Unpublished]

_____

Before COLLOTON, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Bradley W. Landreth appeals the district court's[1] well-reasoned order affirming the Commissioner's determination that he is not entitled to disability insurance

---

[1] The Honorable Beth Phillips, United States District Court Judge for the Western District of Missouri.

benefits and supplemental security income.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Having reviewed the record de novo, this court agrees with the district court that the ALJ's findings are supported by substantial evidence.  *See Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015).  At Step 3, a "claimant bears the burden of demonstrating that his impairment matches all the specified criteria of a listing." *McDade v. Astrue*, 720 F.3d 994, 1001 (8th Cir. 2013).  Although Landreth provided evidence of some symptoms consistent with a compromised or compressed nerve root—a requirement of Listing § 1.04A—the record does not support that his nerve root was actually compromised or compressed.  Contrary to Landreth's argument that *Brown v. Colvin* controls, the ALJ here did not cite the wrong listing.  *See Brown v. Colvin*, 825 F.3d 936, 939-40 (8th Cir. 2016).

The ALJ did not err in summarily concluding Landreth did not meet or equal a listed impairment because he "did not allege or argue that any of [his] impairment[s] met or equaled a listing."  As this court has said, "There is no error when an ALJ fails to explain why an impairment does not equal one of the listed impairments as long as the overall conclusion is supported by the record."  *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011).

The ALJ's residual functional capacity determination was also supported by the record.  "The Commissioner must determine a claimant's RFC based on all of the relevant evidence."  *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).  The ALJ considered Landreth's medical records, the observations of his treating physicians, and his own testimony before arriving at a determination supported by substantial evidence.

The judgment is affirmed.  *See* 8th Cir. R. 47B.

_____