# United States Court of Appeals

### For the Eighth Circuit

_____

No. 23-3442

_____

Nicole Ann Skaro

*Plaintiff - Appellant*

v.

Martin O'Malley, Commissioner of the Social Security Administration[1]

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: June 17, 2024
Filed: June 24, 2024
[Unpublished]

_____

Before KELLY, GRASZ, and KOBES, Circuit Judges.

_____

---

[1]Martin O'Malley has been appointed to serve as Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

PER CURIAM.

Nicole Skaro appeals the district court's[2] order affirming the denial of disability insurance benefits (DIB). We agree with the court that substantial evidence in the record as a whole supports the adverse decision. See Ross v. O'Malley, 92 F.4th 775, 778 (8th Cir. 2024) (standard of review).

Specifically, we find that the administrative law judge (ALJ) properly excluded traumatic brain injury and personality disorder from Skaro's severe impairments, as the medical evidence did not establish these impairments until years after the date last insured (DLI). See Milton v. Schweiker, 669 F.2d 554, 555 n.1 (8th Cir. 1982) (per curiam) (condition developed long after expiration of DLI could not form basis for DIB entitlement); 20 C.F.R. § 404.1521 (impairment must be established by objective medical evidence from acceptable medical source; claimant's reports of symptoms or diagnosis are insufficient). We also find that the ALJ properly considered Skaro's subjective complaints, and that substantial evidence supports the ALJ's residual functional capacity (RFC) determination. See Buford v. Colvin, 824 F.3d 793, 797 (8th Cir. 2016) (substantial evidence supported ALJ's RFC determination, including objective medical evidence, conservative treatment, and claimant's not fully credible subjective complaints); Milam v. Colvin, 794 F.3d 978, 985 (8th Cir. 2015) (ALJ properly considered plaintiff's conservative treatment history and treatment gaps in discrediting subjective complaints). Finally, we find no abuse of discretion in declining to remand the case for consideration of the new evidence Skaro submitted to the district court, as that evidence was not material. See Woolf v. Shalala, 3 F.3d 1210, 1215 (8th Cir. 1993) (to be material, new evidence must be relevant and probative of claimant's condition for time period for which benefits were denied, and

_____

[2]The Honorable Tony N. Leung, United States Magistrate Judge for the District of Minnesota, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

there must be reasonable likelihood that it would have changed agency's determination).

The judgment is affirmed.

_____